UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                                      Chapter 7

Richard Martin Lewiston,                                    Case No. 12-58599

    Debtor.                                                           Hon. Phillip J. Shefferly
_____/

Gene R. Kohut, Chapter 7 Trustee,                     Adversary Proceeding
                                                                              No. 14-4843-PJS
    Plaintiff,

v.

Wayne County Treasurer,

    Defendant.
_____/

**OPINION DENYING MOTION TO DISMISS**

Introduction

The Chapter 7 trustee filed a complaint against the Wayne County Treasurer ("Wayne County") to avoid and recover $307,602.83 of alleged fraudulent transfers under § 544(b)(1) and § 550 of the Bankruptcy Code. Wayne County has moved to dismiss the complaint. For the reasons set forth in this opinion, the Court will deny Wayne County's motion.

Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(a) and (b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(H).

Facts

On August 13, 2012, Richard M. Lewiston ("Debtor") filed this Chapter 7 case. Gene R. Kohut ("Trustee") is the duly appointed Chapter 7 trustee. On September 12, 2014, the Trustee filed

a single count amended complaint ("Complaint") (ECF No. 3) against Wayne County. For purposes of Wayne County's motion to dismiss, the Court accepts as true all of the Complaint's well pleaded factual allegations. The Complaint alleges the following.

The Debtor was in the business of developing and managing real estate projects. The Debtor issued guarantees of various debts relating to these projects. By 2006, many of the projects had failed or were failing, the Debtor was insolvent, and the Debtor was left with an unreasonably small amount of capital to operate the projects. The Debtor knew that his liabilities exceeded his assets and that he had incurred debts beyond his ability to repay. In the six years before the Debtor filed bankruptcy, several of the projects ("Projects") became indebted to Wayne County for the payment of taxes and fees. Each of the Projects was insolvent during the six years before the Debtor filed bankruptcy. Although not legally obligated to do so, the Debtor individually made payments to Wayne County totaling $307,602.83 during the six years before he filed bankruptcy, to pay taxes and fees owed by the Projects to Wayne County. The Debtor received no benefit in exchange for making these payments. According to the Trustee, these facts establish that the payments to Wayne County are fraudulent transfers that the Trustee may avoid under § 544(b)(1) of the Bankruptcy Code and recover under § 550 of the Bankruptcy Code.

Wayne County has moved to dismiss the Complaint on two grounds. First, Wayne County argues that the Complaint does not contain sufficient factual content to meet the Twombly-Iqbal[1] pleading standard and, therefore, fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) (incorporated by Fed. R. Bankr. P. 7012). Second, Wayne County argues that the Trustee is barred from bringing the Complaint against Wayne County by the doctrine of sovereign immunity. After Wayne County's motion was fully briefed by Wayne County and the Trustee, the

---

[1] Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009).

Court held a hearing on December 22, 2014.[2] Following the hearing, the Court entered an order (ECF No. 13) rejecting Wayne County's first argument based on the Twombly-Iqbal standard. The Court took Wayne County's second argument under advisement.

Discussion

Chapter 5 of the Bankruptcy Code authorizes a bankruptcy trustee to avoid and recover for the bankruptcy estate certain transfers made by a debtor before filing bankruptcy. For example, § 547 authorizes a trustee to avoid certain preferential transfers and § 548 authorizes a trustee to avoid certain fraudulent transfers. Both of these sections create stand alone, statutory causes of action that exist only in a bankruptcy case. In addition, § 544(b)(1) permits a bankruptcy trustee to utilize certain causes of action that are not created by the Bankruptcy Code, but instead are available to a debtor's creditors outside of a bankruptcy case, to avoid and recover transfers for the bankruptcy estate. Section 544(b)(1) provides that a "trustee may avoid any transfer of an interest of the debtor in property . . . that is voidable under applicable law by a creditor holding an unsecured claim[.]" When bringing a cause of action under § 544(b)(1), a trustee essentially stands in the shoes of an actual unsecured creditor of the debtor.

The Trustee filed the Complaint under § 544(b)(1) based on the Michigan Uniform Fraudulent Transfer Act ("MUFTA"), Mich. Comp. Laws Ann. §§ 566.31 to 566.43. Although the elements of a fraudulent transfer claim under MUFTA largely mirror the elements of a fraudulent transfer claim under § 548, there are at least two significant differences. First, MUFTA has a much

---

[2] The Court also heard at the same time an identical motion to dismiss an identical complaint that the Trustee filed against Canton Township in adversary proceeding no. 14-4853. With the consent of all parties to both adversary proceedings, the Court made one record for both adversary proceedings. Because the issues are identical, the Court intends to enter an order in adversary proceeding no. 14-4853 that adopts the reasoning of this opinion and denies Canton Township's motion to dismiss that adversary proceeding for the same reasons that it denies Wayne County's motion to dismiss this adversary proceeding.

-3-

longer statute of limitations. Section 548 only permits the avoidance of a fraudulent transfer if it was made within two years before the filing of the bankruptcy case. MUFTA permits the avoidance of a fraudulent transfer so long as it was made within six years before the cause of action is brought. In this case, all of the payments identified in the Complaint were made more than two years before the Debtor filed bankruptcy, but less than six years before the Trustee filed the Complaint. That explains why the Trustee filed the Complaint under § 544(b)(1) instead of § 548. Second, unlike a fraudulent transfer claim under § 548, a trustee can only bring a fraudulent transfer claim under § 544(b)(1) if the trustee can show that an actual creditor holding an unsecured claim against the debtor could have brought the fraudulent transfer claim outside of a bankruptcy case under applicable non-bankruptcy law. It is this second distinction that forms the crux of the dispute between the Trustee and Wayne County.

Wayne County argues that the Trustee may not use § 544(b)(1) to avoid and recover the payments identified in the Complaint because of the doctrine of sovereign immunity. Specifically, Wayne County asserts that it is a political subdivision of the State of Michigan and that the State of Michigan, as a sovereign, is immune from suit unless it consents. Wayne County cites the 11th Amendment and pronouncements by the Michigan Supreme Court that "any relinquishment of sovereign immunity must be strictly interpreted," Pohutski v. City of Allen Park, 641 N.W.2d 219 (Mich. 2002), and asserts that the State of Michigan has not relinquished the doctrine of sovereign immunity for purposes of MUFTA.

In its response to Wayne County's motion, the Trustee does not challenge Wayne County's assertion that it is a political subdivision of the State of Michigan eligible to invoke the doctrine of sovereign immunity. Accordingly, for purposes of this opinion, the Court assumes that Wayne County is an entity that is eligible to assert sovereign immunity. The Trustee's response also concedes that, absent bankruptcy, an actual unsecured creditor of the Debtor could not successfully

-4-

bring a claim against Wayne County under MUFTA because of sovereign immunity.[3] However, the Trustee argues that Wayne County's sovereign immunity is expressly waived for purposes of § 544(b)(1) by § 106(a)(1) of the Bankruptcy Code. Titled "Waiver of Sovereign Immunity," § 106(a)(1) provides that: "Notwithstanding an assertion of sovereign immunity, sovereign immunity is abrogated as to a governmental unit to the extent set forth in this section with respect to the following: (1) Sections . . . 544 . . . of this title." For additional support, the Trustee relies on Central Virginia Community College v. Katz, 546 U.S. 356 (2006), which rejected sovereign immunity as a defense to an action brought by a trustee under § 547 to recover a preferential transfer against a Virginia state government agency. In Katz, the Supreme Court noted that "Congress has the power to enact bankruptcy laws the purpose and effect of which are to ensure uniformity in treatment of state and private creditors." Id. at 376, n.13. Accordingly, the enactment of § 106(a)(1) was a valid exercise of Congressional powers. Id. at 379 ("The question [ ] is whether Congress' determination that States should be amenable to such proceedings is within the scope of its power to enact 'Laws on the subject of Bankruptcies.' We think it beyond peradventure that it is."). The Katz Court went on to hold that, in ratifying the Bankruptcy Clause contained in Article I, § 8, clause 4 of the Constitution, the states "acquiesced in a subordination of whatever sovereign immunity they might otherwise have asserted in proceedings necessary to effectuate the *in rem*

---

[3] During the hearing, the Trustee sought to limit this concession somewhat by noting that the Trustee concedes only that an actual unsecured creditor could not *recover* the fraudulent transfers from Wayne County, although an actual unsecured creditor could obtain a declaration *avoiding* such fraudulent transfers. In support, the Trustee points to the definition of "person" contained in M.C.L.A. § 566.31(i), and notes that the definition includes a "government or governmental subdivision or agency." On further reflection, the Trustee now suggests that this statutory definition may constitute consent by the Michigan legislature to a suit under MUFTA for avoidance if not recovery of a fraudulent transfer. Because the Court agrees with the Trustee's construction of § 106(a)(1) of the Bankruptcy Code, and how it applies to this adversary proceeding, the Court need not address the distinction between recovery and avoidance under MUFTA that the Trustee raised for the first time at the hearing on Wayne County's motion to dismiss.

jurisdiction of the bankruptcy courts." Id. at 378. Based on § 106(a)(1) and Katz, the Trustee argues that Wayne County's sovereign immunity defense to the Complaint has been waived.

Wayne County does not deny that § 106(a)(1) abrogates sovereign immunity with respect to § 544 and does not challenge Katz's holding that Congress may constitutionally abrogate the states' sovereign immunity because of the Bankruptcy Clause. Instead, Wayne County contends that even with the abrogation of sovereign immunity under § 106(a)(1), the Trustee can still only bring a MUFTA action against Wayne County via § 544(b)(1) if the Trustee can show that an actual unsecured creditor of the Debtor could have done so in the absence of the Debtor's bankruptcy case. According to Wayne County, no such actual unsecured creditor of the Debtor exists, because Wayne County could successfully defend any MUFTA action against it outside of a bankruptcy case based on sovereign immunity. In other words, even though § 106(a)(1) abrogates sovereign immunity with respect to § 544, it does not eliminate the Trustee's burden, when bringing a non-bankruptcy law cause of action via § 544(b)(1), to still show an essential element of § 544(b)(1) – that an actual unsecured creditor exists who could bring such action. According to Wayne County, this result is not inconsistent with Katz, since Katz dealt only with a preferential transfer claim under § 547, which authorizes a trustee to bring an avoidance action in the trustee's capacity as the representative of the bankruptcy estate, without regard to the existence or rights of any actual unsecured creditor of the debtor. In contrast to § 547, which is purely an action created by the Bankruptcy Code, § 544(b)(1) creates no specific cause of action, but serves only as a vehicle for a trustee to bring those non-bankruptcy law actions that are available to actual unsecured creditors in the absence of a bankruptcy case. Stated another way, Wayne County argues that § 544(b)(1) licenses a trustee to bring a non-bankruptcy law cause of action, but *only if* an actual unsecured creditor of the debtor could do so. Therefore, § 544(b)(1) confers no greater rights on the trustee than those that an

14-04843-pjs    Doc 19    Filed 04/09/15    Entered 04/09/15 16:53:52    Page 6 of 16

unsecured creditor of the debtor would have if it was to bring the action. There being no such creditor, Wayne County concludes that the complaint must be dismissed.

The Trustee replies to this argument by emphasizing that § 106(a)(1)'s abrogation of sovereign immunity expressly applies to *all* of § 544, not just to one of its subsections. Both subsections § 544(a) and (b) grant a trustee certain rights of a debtor's creditor under applicable non-bankruptcy law. But § 544(a), in contrast to § 544(b), does not require a trustee to show that an actual unsecured creditor of the debtor exists who could bring such action. The Trustee points out that § 106(a)(1) makes no distinction between § 544(a) and (b). It simply applies to § 544, and it means what it says: sovereign immunity is abrogated with respect to all 59 of the Bankruptcy Code sections listed in § 106(a)(1), including all of § 544.

The Trustee and Wayne County both acknowledge that neither the Supreme Court nor the Sixth Circuit Court of Appeals have ruled on the precise argument made by Wayne County. But each of them cite to decisions of other courts that have ruled on this issue, and they agree that the cases are split.

Wayne County relies primarily on two cases, one of which is from the only circuit court to have ruled on this issue. In re Equipment Acquisition Resources, Inc., 742 F.3d 743 (7th Cir. 2014) involved an action brought by a Chapter 11 debtor, using its trustee powers under § 1107(a) of the Bankruptcy Code, against the IRS to avoid and recover certain tax payments. Like the present case, the debtor used § 544(b)(1) to bring the action under a state law fraudulent transfer statute – in that case based on Illinois law. Id. at 745. The IRS moved to dismiss based on sovereign immunity. The debtor countered that sovereign immunity was waived by § 106(a)(1). The bankruptcy court and the district court agreed with the debtor, but the Seventh Circuit reversed, and dismissed the complaint. Id.

The court in Equipment Acquisition did not dispute that § 106(a)(1) expressly abrogates sovereign immunity with respect to § 544(b). The court saw no ambiguity in the meaning of § 106(a)(1). Rather, the court focused on the precise language of "§ 544(b)(1) and, derivatively, the Illinois Uniform Fraudulent Transfer Act," which requires a showing that an actual creditor of the debtor could bring the state law fraudulent transfer action against the IRS. Id. at 747. Noting that the parties in that case agreed that no actual creditor could bring a fraudulent transfer action against the IRS under Illinois law absent the bankruptcy case, the court then held as follows:

> The [IRS] is not contesting the meaning of § 106(a). Its argument derives from the plain language of § 544(b). That provision, by its very terms, requires [the debtor] to show that a creditor exists who could use a state's "applicable law" to recover the payment from the IRS. If no such creditor exists, then the trustee cannot bring the claim. And there is no question that no creditor exists in this case – even the district court acknowledged that an unsecured creditor would have been barred from bringing an Illinois fraudulent-transfer action against the IRS outside of bankruptcy. Thus, because no unsecured creditor could obtain relief against the [IRS] using the Illinois Uniform Fraudulent Transfer Act, [the debtor's] tax payment is not "voidable under applicable law" within the meaning of § 544(b)(1). We find that Congress did not alter § 544(b)'s substantive requirements merely by stating that the federal government's immunity was abrogated "with respect to" this provision.

Id. (citation omitted)

Wayne County also relies upon an unpublished opinion in Dillworth v. Ginn (In re Ginn-La St. Lucie Ltd.), No. 10-2976-PGH, 2010 WL 8756757 (Bankr. S.D. Fla. Dec. 10, 2010). Like the present case, this opinion involved an action brought by a trustee under § 544(b)(1) to recover a fraudulent transfer under a Florida state law statute against a state agency, in this case against the University of Michigan. Id. at *1. Although decided before Equipment Acquisition, this case also held that there was no actual creditor who could have brought such a state law fraudulent transfer action absent the bankruptcy case. The court reasoned that the Trustee's claim fail[ed] because there is no creditor that can bring a fraudulent transfer cause of action under Florida law against the University of Michigan. Id. at *5. As a result, the court dismissed the complaint.

-8-

The Trustee counters that the "majority" of the reported decisions favor his position. The principal case relied on by the Trustee is Zazzali v. Swenson (In re DBSI, Inc.), 463 B.R. 709 (Bankr. D. Del. 2012). In that case, a trustee brought a § 544(b)(1) action against a number of state agencies to avoid and recover fraudulent transfers under Idaho fraudulent transfer statutes. Id. at 711. The defendants moved to dismiss based on sovereign immunity, arguing that under Idaho law, absent the bankruptcy case, the defendants could successfully raise sovereign immunity as a defense. Therefore, because no actual creditor could successfully bring such an action outside of a bankruptcy case, the trustee could not do so under § 544(b)(1). Id. at 711-12.

In denying the defendants' motion, the DBSI court began its analysis by reviewing Katz and the constitutional provisions applicable to bankruptcy laws and to sovereign immunity. Id. at 711-12. The court then turned to the specific issue that Wayne County raises in the case before this Court: whether § 106(a)(1) abrogates sovereign immunity to state law causes of action that are available to a bankruptcy trustee only by means of § 544(b)(1). In holding that § 106(a)(1) applies to state law causes of action available to a trustee under § 544(b)(1), the DBSI court quoted extensively from Furr v. I.R.S. (In re Pharmacy Distributor Services, Inc., 455 B.R. 817 (Bankr. S.D. Fla. 2011), as follows:

> "The Court is unable to ascertain any claim that would constitute 'applicable law' under section 544 for which Congress has explicitly waived sovereign immunity independent of section 106. To require that there be a separate waiver of sovereign immunity as to a state law claim underlying a section 544 action, which state law claim is a necessary component of the claim under section 544, would eviscerate the abrogation of sovereign immunity for section 544 actions. Under the argument presented . . . the reference to section 544 in section 106 would be meaningless. Why would Congress explicitly waive sovereign immunity for all other avoidance actions under the Bankruptcy Code, and include a waiver of sovereign immunity for actions under section 544 knowing that section 544 encompasses state law theories, but then require a separate waiver of sovereign immunity for the necessary state law component in actions under section 544? The argument offered by the United States defies logic. Sections 106 and 544, together, lead to the inescapable conclusion that Congress intended to waive sovereign immunity for any action that may be brought under section 544."

-9-

14-04843-pjs    Doc 19    Filed 04/09/15    Entered 04/09/15 16:53:52    Page 9 of 16

In re DBSI, 463 B.R. at 717 (quoting Pharmacy Distributor, 455 B.R. at 821).

In addition to the cases cited by Wayne County and the Trustee, there are other cases going both ways as well.[4] Two of those cases are worth noting, one that supports Wayne County and one that supports the Trustee.

Pyfer v. Katzman (In re National Pool Construction, Inc.), no. 09-34394, 2015 WL 394507 (Bankr. D.N.J. Jan. 29, 2015) supports Wayne County's position. In that case, the court framed the issue as follows: "Does § 106 allow a trustee to prevail without satisfying the 'actual creditor' requirement? Courts are divided on the question of the scope of § 106(a)'s sovereign immunity abrogation." Id. at *2. After listing the cases going both ways on the issue, the Katzman court followed the Seventh Circuit's decision in Equipment Acquisition.

> The sole Circuit Court of Appeals to directly address the issue is the Seventh Circuit. That court found that "106(a)(1) does not displace the actual-creditor requirement in § 544(b)(1). This court finds the Seventh Circuit's analysis of the issue in Equipment Acquisition Resources to be cogent and well-reasoned. Importantly, the court finds that the Seventh Circuit's decision is consistent with the Supreme Court's sovereign immunity jurisprudence. The Supreme Court has stated on numerous occasions "that a waiver of sovereign immunity must be 'unequivocally expressed' in statutory text." Any ambiguities in the statutory language are to be construed in favor of immunity.

Id. at *2 (footnotes and citations omitted). Finding that "there are two plausible interpretations of § 106," Katzman adopted the interpretation that preserves sovereign immunity because "'"when it comes to sovereign immunity, ties go to the government."'" Id. (quoting In re Oncology Associates

---

[4] See In re Custom Contractors, LLC, 745 F.3d 1342, 1347-48 (11th Cir. 2014) (collecting cases, but deciding it need not pick a side because the trustee's "attempt to avoid the transfer fail[ed] for other reasons"); Bauer v. Gen. Elec. Capital Corp. (In re Oncology Assocs. of Ocean Cnty. LLC), 510 B.R. 463, 469-70 (Bankr. D.N.J. 2014) (following Equipment Resources); David Cutler Indus., Ltd. v. Pa. Dept. of Revenue (In re David Cutler Indus. Ltd.), 471 B.R. 110 (Bankr. E.D. Pa. 2012) (following DBSI); Geoffrey Miller, Actual-Creditor Requirement Survives § 106(a)'s Abrogation of Sovereign Immunity, Am. Bankr. Inst. J., vol 30, no. 6, at 46 (June 2014) (discussing Equipment Resources); Frederick F. Rudzik, State of Sovereign Immunity as a Defense to § 544(b) Avoidances, Am. Bankr. Inst. J, vol. 33, no. 6, at 20 (July 2013).

of Ocean County LLC, 510 B.R. 463, 470 (Bankr. D.N.J. 2014) (quoting Equipment Resources, 742 F.3d at 750)).

On the other hand, VMI Liquidating Trust v. United States (In re Valley Mortgage Inc.), no. 12-01277-SBB, 2013 WL 5314369 (Bankr. D. Colo. Sept. 18, 2013) supports the Trustee's position. In that case, the court dealt with a fraudulent transfer action brought against the IRS under the Colorado fraudulent transfer act pursuant to § 544(b)(1). The IRS argued that

> [i]f sovereign immunity prohibits an unsecured creditor from bringing a non-bankruptcy state law claim against the [IRS], then sovereign immunity similarly prohibits a trustee who steps into the shoes of an unsecured creditor from bringing the same non-bankruptcy state law claim under § 544(b)(1).

Id. at *4. The court rejected the IRS's argument, reasoning as follows:

> Following the United States Supreme Court's decision in Central Virginia Community College v. Katz, there is no longer a genuine dispute as to the validity of Congress' waiver of sovereign immunity with respect to the Bankruptcy Code sections listed in section 106(a). With regard to section 544, in particular, Congress chose to explicitly waive sovereign immunity with respect to the entirety of section 544. In drafting section 106(a), Congress did not carve out section 544(b)(1) from this waiver. If Congress intended to retain a sovereign immunity defense to actions brought under section 544(b)(1), Congress certainly could have done so. This Court refuses to read into section 106(a) an exclusion to the waiver of sovereign immunity which Congress did not specifically provide. To do so would be improper and result in a judicially created amendment to an otherwise clear and unambiguous statute. Thus, the Court agrees with numerous other courts which have decided this same issue that [b]y including section 544 in the list of Bankruptcy Code sections set forth in section 106(a), Congress knowingly included state law causes of action within the category of suits to which a sovereign immunity defense could no longer be asserted.

Id. (footnotes, citations and internal quotation marks omitted).

Obviously, both Wayne County and the Trustee can find support for their respective positions in the case law that is developing on this issue. But at bottom, the dispute between Wayne County and the Trustee is simply a dispute over the interpretation of a statute. The Supreme Court repeatedly instructs that the starting point in interpreting a statute is the existing text in the statute. If the statute may be read unambiguously and reasonably then the Court's inquiry is at an end.

-11-

BedRoc Ltd., LLC v. United States, 541 U.S. 176, 183 (2004). When considering sovereign immunity, the Supreme Court further instructs that "[w]aivers of the Government's sovereign immunity, to be effective, must be unequivocally expressed . . . [and] are not generally to be liberally construed." United States v. Nordic Village, Inc., 503 U.S. 30, 33-34 (1992) (internal quotation marks and citations omitted). "'[A]ny ambiguities in the scope of a waiver [must be construed] in favor of the sovereign.'" Equipment Resources, 742 F.3d at 750 (quoting F.A.A. v. Cooper, __ U.S. __, 132 S. Ct. 1441, 1448 (2012)) (finding that, in the context of sovereign immunity, "ties go to the government").

In this case, the Court concludes that the waiver in § 106(a)(1) is unequivocally expressed and unambiguous and that, when applied to this adversary proceeding, the statute requires the Court to deny Wayne County's motion to dismiss. Section 106(a)(1) begins by saying that sovereign immunity is "abrogated." The Bankruptcy Code does not define "abrogate." "Where a statute does not define a term, it receives its common meaning." United States v. Moses, 137 F.3d 894, 899 (6th Cir. 1998) (citation omitted). "Abrogate" is defined as meaning "[t]o abolish (a law or custom) by formal or authoritative action; to annul or repeal." Black's Law Dictionary 6 (7th ed. 1999). There is no qualification to the use of the word "abrogates" in the statute. The statute abrogates sovereign immunity "with respect to" 59 specific sections of the Bankruptcy Code. The statute does not say that the abrogation only applies to certain *sub*sections within those specific 59 sections. Nor does the statute limit the abrogation to any specific issue within those 59 sections. Applying the common meaning of the word "abrogate," the Court rejects any contention that there are two plausible interpretations of the statute. There is no sovereign immunity "tie" in this case that mandates ruling in favor of Wayne County. The statute is susceptible to only one interpretation: it simply eliminates sovereign immunity however and whenever it applies "with respect to" the 59 sections of the Bankruptcy Code listed in § 106(a)(1). Section 544 is one of those sections. In this case, the

Complaint is brought under § 544. That ends the inquiry. Wayne County cannot raise sovereign immunity as a defense to the Complaint under § 544 because sovereign immunity with respect to § 544 is unequivocally and unambiguously abrogated by § 106(a)(1).

The Court also rejects Wayne County's contention that if Congress intended to abrogate sovereign immunity with respect to a non-bankruptcy law cause of action filed by a trustee under § 544(b)(1), Congress would have required a separate, second abrogation of sovereign immunity specifically for that purpose. The Court agrees with <u>DBSI</u>, 463 B.R. at 719, <u>Pharmacy Distributor Services</u>, 455 B.R. at 821 and <u>Valley Mortgage</u>, 2013 WL 5314369, at *4, that § 106(a)(1) accomplishes the elimination of sovereign immunity for all purposes with respect to § 544, and requires no additional waiver as to any specific non-bankruptcy law causes of action that a trustee may bring under § 544(b)(1). The abrogation of sovereign immunity for all of § 544 subsumes within it any cause of action brought under § 544(b)(1).

The Court takes no issue with Wayne County's contention that a complete abrogation of sovereign immunity with respect to all of § 544 – including state law causes of action of § 544(b)(1) – effectively gives the Trustee greater rights than an actual creditor of the Debtor would have had under MUFTA if the Debtor had not filed bankruptcy. Specifically, it gives the Trustee one greater right: the Trustee need not have to defeat the defense of sovereign immunity.[5] That is

---

[5] It could be argued that viewing § 106(a)(1) in this manner creates a new substantive cause of action. This would be contrary to § 106(a)(5), which provides that "[n]othing in this section shall create any substantive claim for relief or cause of action not otherwise existing under this title, the Federal Rules of Bankruptcy Procedure, or nonbankruptcy law." However, the cause of action is under § 544(b)(1), with MUFTA supplying the substantive law. Wayne County is not faced with defending a cause of action that does not already exist. The Trustee must still prove the elements of MUFTA in order to prevail. Reading § 106(a)(1) this way does not create any substantive cause of action not already existing under title 11 or nonbankruptcy law. Therefore, the Court's reading of § 106(a)(1) does not violate § 106(a)(5).

the result that § 106(a)(1) works. But that result is not a valid reason to suggest that there is ambiguity in § 106(a)(1)'s abrogation of sovereign immunity where none exists in the statutory text.

The Court also finds unpersuasive Wayne County's circular logic that despite the abrogation of sovereign immunity under § 106(a)(1), the Complaint must still be dismissed because no actual unsecured creditor would ever be able to prevail against Wayne County under MUFTA outside of a bankruptcy case. The Court agrees with Wayne County that, for the Trustee to prevail against Wayne County under § 544(b)(1), the Trustee must still prove all of the same elements of MUFTA that an actual unsecured creditor of the Debtor must prove. To that extent, the Trustee undoubtedly stands in the shoes of an actual unsecured creditor. But it does not follow from this premise that the Complaint must be dismissed because no actual unsecured creditor could overcome Wayne County's sovereign immunity defense outside of a bankruptcy case.

Wayne County's insistence that no actual creditor could prevail against it under MUFTA outside of bankruptcy is true, but it is true for only one reason. It is not because the Trustee cannot prove the elements of MUFTA. Nor is it because Wayne County possesses some affirmative defense, such as statute of limitations, or some equitable defense, such as waiver or laches. Rather, the sole reason that Wayne County advances to support its contention that an actual unsecured creditor of the Debtor could not successfully bring an action against it under MUFTA absent bankruptcy, is because of sovereign immunity. But that's where Wayne County's argument becomes circular. Sovereign immunity is the very defense that is abrogated by § 106(a)(1). With § 106(a)(1)'s removal of sovereign immunity as an obstacle, an actual unsecured creditor of the Debtor could have an avenue for relief against Wayne County under MUFTA. In other words, the only deficiency that Wayne County points to in the Complaint, is the deficiency that exists solely by reason of its invocation of sovereign immunity. The trouble with Wayne County's argument is that § 106(a)(1) has removed that impediment. With the obstacle of sovereign immunity having now

been removed by the abrogation of § 106(a)(1) with respect to § 544, Wayne County's circular analysis falls apart. Without the impediment of sovereign immunity – which is unequivocally and unambiguously removed by § 106(a)(1) – an actual unsecured creditor could prevail against Wayne County. As a result, Wayne County's motion to dismiss fails.

The Court is not unmindful of the fact that the only circuit court that has weighed in on this issue came to a different conclusion in Equipment Acquisition. There is no doubt that the conclusion reached in that opinion differs from this Court's opinion in that the Equipment Resources court found no avenue for relief under substantive law, 742 F.3d at 747, where this Court has. To that extent, the Court respectfully disagrees with Equipment Resources for the reasons stated above. However, it is worth noting that the court in that case supported its holding that the § 544(b)(1) action against the IRS had to be dismissed by reference to a number of arguments that do not apply in this case. First, the court pointed out "significant constitutional obstacles" in that the appropriations clause of the constitution bars enforcement of any judgment against the IRS. Only Congress may appropriate money out of the Treasury. Id. at 748. Second, the court pointed to the supremacy clause of the constitution as preventing states from enabling their residents to recover tax payments directly from the United States. Id. The Equipment Acquisition court concluded that "sovereign immunity is just one reason why there is no applicable state law that would enable a creditor to recover from the IRS outside of bankruptcy." Id. In contrast, in this case, Wayne County points to only one reason why an actual creditor could not recover against it absent bankruptcy: sovereign immunity. Unlike the IRS in Equipment Acquisition, Wayne County has not identified any other reason in this case that would preclude an actual unsecured creditor of the Debtor from recovering against it under MUFTA outside of bankruptcy.[6]

---

[6] Wayne County did cite another statutory basis for governmental immunity at the hearing, i.e. Mich. Comp. Laws Ann. § 691.1407. This statute does grant governmental

-15-

In sum, the Court is persuaded that § 106(a)(1)'s abrogation of sovereign immunity with respect to § 544(b)(1) means just what the statute says: sovereign immunity is abrogated with respect to § 544. There is no limitation or restriction on the abrogation accomplished by that statute. Regardless of how sovereign immunity may be invoked by Wayne County in a fraudulent transfer action brought under MUFTA against it outside of a bankruptcy case, Wayne County's right to assert sovereign immunity in a fraudulent transfer action brought under MUFTA by the Trustee under § 544(b)(1) is abrogated. Accordingly, Wayne County's motion to dismiss must be denied. The Court will enter a separate order consistent with this opinion.

.

**Signed on April 09, 2015**

                                             **/s/ Phillip J. Shefferly**
                                          **Phillip J. Shefferly**
                                          **United States Bankruptcy Judge**

---

agencies, including their political subdivisions, immunity from tort liability, and contains limited waivers. However, Wayne County did not address this statute in its supplemental brief, so the Court considers this argument waived. In any event, Trustee did not rely on any waiver of sovereign immunity contained in the Michigan statute, but instead relied solely on the broad abrogation of sovereign immunity in § 106(a)(1).